# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VERNELL A. JEFFRIES**, | : | **CIVIL ACTION NO. 1:08-CV-1750** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **MR. MARTINEZ**, et al., | : | |
| | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 15th day of December, 2008, upon consideration of this court's order of October 16, 2008 (Doc. 13), directing plaintiff to file an amended complaint on or before October 31, 2008, because the original complaint (Doc. 1) failed to comport with Federal Rules of Civil Procedure 8(a) and (d), and plaintiff having been cautioned that his failure to file an amended complaint within the specified time period would result in the action being dismissed, without prejudice, for failure to comply with an order of court, see FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."), Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Hewlett v. Davis, 844 F.2d 109, 114 (3d Cir. 1988) (same), and plaintiff having failed to file the amended complaint; and upon further consideration of this court's order of November 20, 2008 (Doc. 16), directing plaintiff to show cause on or before December 5, 2008, why the action should not be dismissed for failure to prosecute pursuant to Federal Rule of Civil

Procedure 41(b), Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (identifying six factors relevant to deciding whether to dismiss for failure to prosecute), and it appearing that plaintiff has failed to file an amended complaint as directed, and it further appearing that plaintiff has received the prior orders of court and is therefore personally responsible for failing to comply with those orders by filing an amended complaint, see Poulis, 747 F.2d at 868 (identifying "extent of the party's personal responsibility" as first factor), that his failure to respond to two prior orders of court (Docs. 13, 16) constitutes a history of dilatoriness see id. (identifying "history of dilatoriness" as third factor), that plaintiff's failure to file an amended complaint and comply with orders of court, when previously advised that inaction may result in dismissal, constitutes willful disregard of the court's authority, see id. at 868-69 (identifying "willful" or "bad faith" conduct as fourth factor), that any other sanction would be ineffective as it appears that plaintiff has lost interest in the prosecution of this action, see Poulis at 869 (identifying availability of "[a]lternative sanctions" to dismissal as fifth factor), and that the court is unable to ascertain the meritoriousness of the complaint as it does not comport with Federal Rules of Civil Procedure 8(a) and (d) (Doc. 1), see id. at 869-70 (identifying "[m]eritoriousness of the claim" as the sixth factor)[1]; it is hereby ORDERED that:

---

[1] There is no prejudice to the adversary as service of process has not been ordered pursuant to Federal Rule of Civil Procedure 4(c)(3).  see Poulis, 747 F.2d at 868 (identifying "[p]rejudice to the adversary" as second factor)

1. The above-captioned action is DISMISSED for failure to prosecute. See FED. R. CIV. P. 41(b).

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge